# UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT
## CIVIL APPEAL PRE-ARGUMENT STATEMENT (FORM C)

**1. SEE NOTICE ON REVERSE.**      **2. PLEASE TYPE OR PRINT.**      **3. STAPLE ALL ADDITIONAL PAGES**

| Case Caption: | District Court or Agency: | Judge: |
|---|---|---|
| **Steve Sands**<br>- vs. -<br>**Bauer Media Group USA, LLC** | S.D.N.Y. | Lewis A. Kaplan |

| | Date the Order or Judgment Appealed from was Entered on the Docket:<br>**9/18/19; 10/22/19; 12/17/19** | District Court Docket No.:<br>**1:17-cv-9215 (LAK)** |
|---|---|---|
| | Date the Notice of Appeal was Filed:<br>**12/26/19** | Is this a Cross Appeal?<br>Yes    ✓ No |

| **Attorney(s) for Appellant(s):** <br> ✓ Plaintiff <br><br> ☐ Defendant | Counsel's Name:     Address:     Telephone No.:     Fax No.:     E-mail:<br><br>James Freeman -  Liebowitz Law Firm, PLLC  516-233-1660 / 516-612-2740<br>11 Sunrise Plaza, # 305<br>Valley Stream, NY 11580       jf@liebowitzlawfirm.com |
|---|---|

| **Attorney(s) for Appellee(s):** <br> ☐ Plaintiff <br> ✓ Defendant | Counsel's Name:     Address:     Telephone No.:     Fax No.:     E-mail:<br><br>David S. Korzenik - Miller Korzenik Sommers Rayman LLP<br>1501 Broadway, Ste. 2015<br>New York, NY 10036     (212) 752-9200 /    F: (212) 688-3996<br>      dkorzenik@mkslex.com |
|---|---|

| Has Transcript Been Prepared?<br><br>No | Approx. Number of Transcript Pages: | Number of Exhibits Appended to Transcript: | Has this matter been before this Circuit previously?    Yes    ✓ No<br><br>If Yes, provide the following:<br><br>Case Name:<br><br>2d Cir. Docket No.:       Reporter Citation: (i.e., F.3d or Fed. App.) |
|---|---|---|---|

*ADDENDUM "A"*: COUNSEL MUST ATTACH TO THIS FORM: (1) A BRIEF, BUT NOT PERFUNCTORY, DESCRIPTION OF THE NATURE OF THE ACTION; (2) THE RESULT BELOW; (3) A COPY OF THE NOTICE OF APPEAL AND A CURRENT COPY OF THE LOWER COURT DOCKET SHEET; AND (4) A COPY OF ALL RELEVANT OPINIONS/ORDERS FORMING THE BASIS FOR THIS APPEAL, INCLUDING TRANSCRIPTS OF ORDERS ISSUED FROM THE BENCH OR IN CHAMBERS.

*ADDENDUM "B"*: COUNSEL MUST ATTACH TO THIS FORM A LIST OF THE ISSUES PROPOSED TO BE RAISED ON APPEAL, AS WELL AS THE APPLICABLE APPELLATE STANDARD OF REVIEW FOR EACH PROPOSED ISSUE.

## PART A: JURISDICTION

| 1. Federal Jurisdiction | 2. Appellate Jurisdiction |
|---|---|
| U.S. a party       Diversity <br><br> ✓ Federal  question     Other (specify):<br> (U.S. not a party)      _____ | ✓ Final Decision      Order Certified by District Judge (i.e.,<br>                 Fed. R. Civ. P. 54(b))<br>Interlocutory Decision<br>Appealable As of Right     Other (specify): _____ |

**IMPORTANT.  COMPLETE AND SIGN REVERSE SIDE OF THIS FORM.**

**PART B:  DISTRICT  COURT  DISPOSITION    (Check as many as apply)**

| 1. Stage of Proceedings | 2. Type of Judgment/Order Appealed | | 3. Relief |
|---|---|---|---|
| ✓ Pre-trial<br>During trial<br>After trial | Default judgment<br>Dismissal/FRCP 12(b)(1)<br>  lack of subj. matter juris.<br>Dismissal/FRCP 12(b)(6)<br>  failure to state a claim<br>Dismissal/28 U.S.C. § 1915(e)(2)<br>  frivolous complaint<br>Dismissal/28 U.S.C. § 1915(e)(2)<br>  other dismissal | Dismissal/other jurisdiction<br>Dismissal/merit<br>✓ Judgment / Decision of the Court<br>Summary judgment<br>Declaratory judgment<br>Jury verdict<br>Judgment NOV<br>Directed verdict<br>✓ Other (specify): Bond Motion | ✓ Damages:      Injunctions:<br><br>___ Sought: $ _____  Preliminary<br>___ Granted: $ _____  Permanent<br>✓ Denied: $ n/a     Denied |

**PART C:  NATURE OF SUIT    (Check as many as apply)**

| 1. Federal Statutes | | | 2. Torts | 3. Contracts | 4. Prisoner Petitions |
|---|---|---|---|---|---|
| Antitrust<br>Bankruptcy<br>Banks/Banking<br>Civil Rights<br>Commerce,<br>Energy<br>Commodities<br>Other (specify): _____ | Communications<br>Consumer Protection<br>✓ Copyright ☐ Patent<br>Trademark<br>Election<br>Soc. Security<br>Environmental | Freedom of Information Act<br>Immigration<br>Labor<br>OSHA<br>Securities<br>Tax | Admiralty/<br>Maritime<br>Assault /<br>Defamation<br>FELA<br>Products Liability<br>Other (Specify): | Admiralty/<br>Maritime<br>Arbitration<br>Commercial<br>Employment<br>Insurance<br>Negotiable<br>Instruments<br>Other Specify | Civil Rights<br>Habeas Corpus<br>Mandamus<br>Parole<br>Vacate Sentence<br>Other |

| 5. Other | 6. General | 7. Will appeal raise constitutional issue(s)? |
|---|---|---|
| Forfeiture/Penalty<br>Real Property<br>Treaty (specify): _____<br>Other (specify): _____ | Arbitration<br>Attorney Disqualification<br>Class Action<br>Counsel Fees<br>Shareholder Derivative<br>Transfer | ✓ Yes    No<br><br>Will appeal raise a matter of first impression?<br><br>Yes   ✓ No |

1.  Is any matter relative to this appeal still pending below?    Yes, specify: _____  ✓ No

2.  To your knowledge, is there any case presently pending or about to be brought before this Court or another court or administrative agency which:

    (A)    Arises from substantially the same case or controversy as this appeal?    Yes   ✓ No

    (B)    Involves an issue that is substantially similar or related to an issue in this appeal?    Yes   ✓ No

If yes, state whether   "A," or   "B," or   both are applicable, and provide in the spaces below the following information on the *other* action(s):

| Case Name: | Docket No. | Citation: | Court or Agency: |
|---|---|---|---|
| Name of Appellant: | | | |

| Date: 1/9/2020 | Signature of Counsel of Record: /s/jameshfreeman/ |
|---|---|

## NOTICE TO COUNSEL

**Once you have filed your Notice of Appeal with the District Court or the Tax Court, you have only 14 days in which to complete the following important steps:**

1.   Complete this Civil Appeal Pre-Argument Statement (Form C); serve it upon all parties, and file it with the Clerk of the Second Circuit in accordance with LR 25.1.
2.   File the Court of Appeals Transcript Information/Civil Appeal Form (Form D) with the Clerk of the Second Circuit in accordance with LR 25.1.
3.   Pay the $505 docketing fee to the United States District Court or the $500 docketing fee to the United States Tax Court unless you are authorized to prosecute the appeal without payment.

    <u>**PLEASE NOTE:**</u>  **IF YOU DO NOT COMPLY WITH THESE REQUIREMENTS WITHIN 14 DAYS, YOUR APPEAL WILL BE DISMISSED.**  *SEE* LOCAL RULE 12.1.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

STEVE SANDS

                Plaintiff-Appellant,

   - against -

BAUER MEDIA GROUP USA LLC

                Defendant-Appellee.

Case No. 19-4336

**FORM C –**

**ADDENDUMS "A" AND "B"**

**UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT**
**CIVIL APPEAL PRE-ARGUMENT STATEMENT (FORM C)**

## ADDENDUM "A"

### Description of the Nature of the Action

This is an action for copyright infringement under 17 U.S.C. § 501.

Plaintiff-Appellant Steve Sands ("Sands") is a New York-based professional celebrity photographer who is the owner and author of two registered photographs of famous fashion model Emily Ratajkowski (the "Photographs").

Defendant-Appellee Bauer Media Group USA LLC ("Bauer") is a largescale media company which re-published the Photographs on its commercial website without Sands' authorization. As its primary defense to liability, Bauer argues that re-publication of Sands' photographs constituted fair use under the Copyright Act, 17 U.S.C. § 107.

### The Result Below

This case was <u>not</u> adjudicated on the merits. Rather, it was dismissed with prejudice on grounds that Sands did not pay a $50,000 bond imposed on him as security for costs under Local Rule 54.2.

On October 22, 2019, the District Court ordered Sands to post bond based on the District Court's finding that Bauer had a reasonable likelihood of success on its fair use claim and because the District Court had found Sands' counsel liable for an alleged discovery violation. The District Court did not analyze the merits of the fair use claim.[1] The District Court did not analyze Sands' financial ability to pay an adverse judgment.

---

[1] The District Court did not consider that Sands has filed over 50 infringement lawsuits in this District since March 2016 and has never had a case dismissed on the merits. Indeed, Sands successfully obtained summary judgment for infringement liability in a previous action where the fair use defense was rejected. *Sands v. CBS Interactive Inc.,* No. 18-CV-7345 (JSR), 2019 WL 1447014, at *7 (S.D.N.Y. Mar. 13, 2019).

The District Court recognized that Sands was a U.S. citizen located in the District.

On September 18, 2019, the District Court imposed monetary sanctions on Sands' counsel on grounds that Sands had produced four pages of licensing fee information for the first time on his opening brief for summary judgment, four weeks after the fact discovery deadline. The Court did not preclude the evidence of the licensing fee information; instead, it awarded Defendant its attorney's fees for making the sanctions motion (which was commingled with a L.R. 54.2 bond motion). The District Court also described Sands' counsel, Richard Liebowitz, as a "copyright troll." On December 17, 2019, District Court awarded the amount of $28,567.50 after discounting 25% from the amount sought.


**Attachments**

1.  Notice of Appeal – **Exhibit A**

2.  The District Court Docket Sheet (Judge Lewis A. Kaplan) – **Exhibit B**

3.  Relevant Opinions / Orders Forming the Basis for This Appeal

    a.  September 18, 2019 Order which imposed discovery sanctions on Sands' counsel - **Exhibit C**

    b.  October 10, 2019 Order which denied the motion for reconsideration of the 9/18/19 order – **Exhibit D**

    c.  October 22, 2019 Order which imposed a $50,000 bond on Sands under L.R. 54.2; - **Exhibit E**

    **d.** November 26, 2019 Order which dismissed the action with prejudice –

       **<u>Exhibit F</u>**

    e. December 17, 2019 Order which fixed the amount of attorneys' fees to

       be awarded – **<u>Exhibit G</u>**

Pursuant to the concurrently filed Form D, Plaintiff requests that his opening brief be due

ninety-one (91) days after the date of the first scheduled CAMP mediation session.

## <u>ADDENDUM "B"</u>

    Plaintiff currently intends to raise the following issues on appeal, without

prejudice to its right to raise different or additional issues.

1. Whether the District Court erred in imposing a $50,000 security bond on

    Sands pursuant to L.R. 54.2. The standard of review is *abuse of discretion.*

2. Whether the District Court erred in awarding attorneys' fees to Bauer in the

    amount of $28,567.50 for an alleged discovery violation which caused Bauer

    no prejudice. The appellate standard of review is *abuse of discretion.*

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

STEVE SANDS,

                              Plaintiff,

        - against -

BAUER MEDIA GROUP USA, LLC

                              Defendant.

---

Docket No. 1:17-cv-09215 (LAK)

**NOTICE OF APPEAL**

---

        **NOTICE** is hereby given that plaintiff Steve Sands in the above-named case, hereby appeals to the United States Court of Appeals for the Second Circuit from the final order entered in this action on the 26th day of November, 2019 dismissing the action in its entirety with prejudice [Docket No. 78]; and the Order dated September 18, 2019 which imposed discovery sanctions on Richard Liebowitz, Esq. [Docket No. 56]; and the Order dated October 10, 2019 which denied plaintiff's motion for reconsideration or motion to vacate the order pursuant to Rule 60(b) [Docket No. 59]; and the Order dated October 22, 2019 which imposed a security bond of $50,000 on plaintiff [Docket No. 67]; and the Order dated December 17, 2019 which fixed the amount of discovery sanctions to be awarded [Docket No. 81].

Dated: December 26, 2019

                              LIEBOWITZ LAW FIRM, PLLC

                              **/s/richardpliebowitz/**
                              Richard P. Liebowitz
                              11 Sunrise Plaza, Ste. 305
                              Valley Stream, NY 11580
                              (516) 233-1660
                              rl@liebowitzlawfirm.com

                              *Counsel for Plaintiff Steve Sands*

# EXHIBIT B

APPEAL,ECF

# U.S. District Court
## Southern District of New York (Foley Square)
## CIVIL DOCKET FOR CASE #: 1:17-cv-09215-LAK

Sands v. Bauer Media Group USA, LLC
Assigned to: Judge Lewis A. Kaplan
Cause: 17:101 Copyright Infringement

Date Filed: 11/22/2017
Jury Demand: Plaintiff
Nature of Suit: 820 Copyright
Jurisdiction: Federal Question

## Plaintiff

**Steve Sands**
     represented by **James H. Freeman**
Liebowitz Law Firm, PLLC
11 Sunrise Plaza #305
Valley Stream, NY 11580
(516) 233-1660
Fax: (516) 612-2740
Email: jf@liebowitzlawfirm.com
*ATTORNEY TO BE NOTICED*

**Yekaterina Tsyvkin**
Liebowitz Law Firm PLLC
11 Sunrise Plaza, Suite 301
Valley Stream, NY 11580
(347)-405-2871
Email: kt@liebowitzlawfirm.com
*ATTORNEY TO BE NOTICED*

**Richard Liebowitz**
Liebowitz Law Firm, PLLC
11 Sunrise Plaza, Suite 301
Suite 305
Valleystream, NY 11580
516-233-1660
Email: RL@LiebowitzLawFirm.com
*ATTORNEY TO BE NOTICED*

V.

## Defendant

**Bauer Media Group USA, LLC**
     represented by **David S. Korzenik**
MILLER KORZENIK SOMMERS
RAYMAN LLP
1501 BROADWAY, STE 2015
New York, NY 10036
212-752-9200
Fax: 212-688-3996
Email: dkorzenik@mkslex.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Terence Patrick Keegan**
MILLER KORZENIK SOMMERS
RAYMAN LLP
1501 Broadway Suite 2015
New York, NY 10036
212-752-9200
Fax: 212-688-3996
Email: tkeegan@mkslex.com
*ATTORNEY TO BE NOTICED*

**Zachary M. Press**
Miller Korzenik Sommers Rayman LLP
The Paramount Building
1501 Broadway
Ste 2015
New York, NY 10036
212-752-9200
Email: zpress@mkslex.com
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 11/22/2017 | 1 | COMPLAINT against Bauer Media Group USA, LLC. (Filing Fee $ 400.00, Receipt Number 0208-14399455)Document filed by Steve Sands. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Liebowitz, Richard) (Entered: 11/22/2017) |
| 11/22/2017 | 2 | REQUEST FOR ISSUANCE OF SUMMONS as to Bauer Media Group USA, LLC, re: 1 Complaint. Document filed by Steve Sands. (Liebowitz, Richard) (Entered: 11/22/2017) |
| 11/27/2017 | | CASE OPENING INITIAL ASSIGNMENT NOTICE: The above-entitled action is assigned to Judge Lewis A. Kaplan. Please download and review the Individual Practices of the assigned District Judge, located at http://nysd.uscourts.gov/judges/District. Attorneys are responsible for providing courtesy copies to judges where their Individual Practices require such. Please download and review the ECF Rules and Instructions, located at http://nysd.uscourts.gov/ecf_filing.php. (kl) (Entered: 11/27/2017) |
| 11/27/2017 | | Magistrate Judge Debra C. Freeman is so designated. Pursuant to 28 U.S.C. Section 636(c) and Fed. R. Civ. P. 73(b)(1) parties are notified that they may consent to proceed before a United States Magistrate Judge. Parties who wish to consent may access the necessary form at the following link: http://nysd.uscourts.gov/forms.php. (kl) (Entered: 11/27/2017) |
| 11/27/2017 | | Case Designated ECF. (kl) (Entered: 11/27/2017) |
| 11/27/2017 | 3 | ELECTRONIC SUMMONS ISSUED as to Bauer Media Group USA, LLC. (kl) (Entered: 11/27/2017) |
| 11/27/2017 | | ***NOTICE TO ATTORNEY TO ELECTRONICALLY FILE CIVIL COVER SHEET. Notice to Attorney Richard Liebowitz. Attorney must electronically file the Civil Cover Sheet. Use the event type Civil Cover Sheet found under the event list Other Documents. (kl) (Entered: 11/27/2017) |
| 11/27/2017 | | ***NOTICE TO ATTORNEY TO SUBMIT AO 121 FORM COPYRIGHT. Notice to Attorney Richard Liebowitz to submit a completed AO 121 Form Copyright to court for review. Use the event type AO 121 Copyright - Notice of Submission by Attorney found under the event list Other Documents. (kl) (Entered: 11/27/2017) |

| 11/28/2017 | 4 | CIVIL COVER SHEET filed. (Liebowitz, Richard) (Entered: 11/28/2017) |
|---|---|---|
| 12/14/2017 | 5 | NOTICE OF APPEARANCE by David S. Korzenik on behalf of Bauer Media Group USA, LLC. (Korzenik, David) (Entered: 12/14/2017) |
| 12/14/2017 | 6 | NOTICE OF APPEARANCE by Terence Patrick Keegan on behalf of Bauer Media Group USA, LLC. (Keegan, Terence) (Entered: 12/14/2017) |
| 12/14/2017 | 7 | RULE 7.1 CORPORATE DISCLOSURE STATEMENT. Identifying Corporate Parent Heinrich Bauer Verlag Beteiligungs GmbH for Bauer Media Group USA, LLC. Document filed by Bauer Media Group USA, LLC.(Keegan, Terence) (Entered: 12/14/2017) |
| 12/20/2017 | 8 | STIPULATION EXTENDING TIME: IT IS HEREBY STIPULATED AND AGREED, by and between the undersigned: The time within which Defendant Bauer Media Group USA, LLC, must answer, move or otherwise respond to the Complaint of Plaintiff Steve Sands is hereby extended from December 18, 2017 to and including January 19, 2018; and as further set forth herein. SO ORDERED. (Bauer Media Group USA, LLC answer due 1/19/2018.) (Signed by Judge Lewis A. Kaplan on 12/20/2017) (anc) (Entered: 12/20/2017) |
| 12/20/2017 | 9 | ORDER RE SCHEDULING AND INITIAL PRETRIAL CONFERENCE: Initial Conference set for 1/30/2018 at 10:30 AM in Courtroom 21B, 500 Pearl Street, New York, NY 10007 before Judge Lewis A. Kaplan; and as further set forth herein. (Signed by Judge Lewis A. Kaplan on 12/20/2017) (anc) (Entered: 12/20/2017) |
| 01/19/2018 | 10 | ANSWER to 1 Complaint. Document filed by Bauer Media Group USA, LLC. (Attachments: # 1 Exhibit FHM.com Article, # 2 Exhibit Ratajkowski Instagram profile) (Korzenik, David) (Entered: 01/19/2018) |
| 01/29/2018 | 11 | NOTICE OF APPEARANCE by Yekaterina Tsyvkin on behalf of Steve Sands. (Tsyvkin, Yekaterina) (Entered: 01/29/2018) |
| 02/06/2018 | | Minute Entry for proceedings held before Judge Lewis A. Kaplan: Initial Pretrial Conference held on 2/6/2018. Parties to contact the Court by 2/20/2018 regarding setting a motion or trial date. (Mohan, Andrew) (Entered: 02/06/2018) |
| 02/20/2018 | 12 | LETTER MOTION for Discovery *and Summary Judgment Motion Schedule* addressed to Judge Lewis A. Kaplan from David S. Korzenik dated February 20, 2018. Document filed by Bauer Media Group USA, LLC.(Korzenik, David) (Entered: 02/20/2018) |
| 02/21/2018 | 13 | NOTICE OF APPEARANCE by James H. Freeman on behalf of Steve Sands. (Freeman, James) (Entered: 02/21/2018) |
| 02/21/2018 | 14 | CONSENT LETTER MOTION for Extension of Time *To File a Revised Discovery and Motion Schedule by Tues., Feb. 27* addressed to Judge Lewis A. Kaplan from James H. Freeman dated 2/21/18. Document filed by Steve Sands.(Freeman, James) (Entered: 02/21/2018) |
| 02/26/2018 | 15 | ORDER granting 14 Letter Motion for Extension of Time. Granted. SO ORDERED. (Signed by Judge Lewis A. Kaplan on 2/26/2018) (anc) (Entered: 02/26/2018) |
| 02/27/2018 | 16 | JOINT LETTER MOTION for Discovery *and Summary Judgment Motion Schedule* addressed to Judge Lewis A. Kaplan from James H. Freeman (Plaintiff) and David Korzenik (Defendant) dated 2/27/18. Document filed by Steve Sands.(Freeman, James) (Entered: 02/27/2018) |
| 05/24/2018 | 17 | ORDER granting 16 Letter Motion for Discovery (HEREBY ORDERED by Judge Lewis A. Kaplan)(Text Only Order) (Kaplan, Lewis) (Entered: 05/24/2018) |
| 05/25/2018 | 18 | JOINT LETTER addressed to Judge Lewis A. Kaplan from James H. Freeman (for |

| | | |
|---|---|---|
| | | Plaintiff) and David Korzenik (Defendant) dated 5/25/18 re: Extension of Discovery and Briefing Schedule. Document filed by Steve Sands.(Freeman, James) (Entered: 05/25/2018) |
| 06/01/2018 | 19 | MEMO ENDORSEMENT on re: 18 Letter filed by Steve Sands. ENDORSEMENT: Granted. SO ORDERED. (Fact Discovery due by 7/31/2018. Motions due by 10/2/2018. Responses due by 11/2/2018. Replies due by 11/16/2018.) (Signed by Judge Lewis A. Kaplan on 6/1/2018) (anc) (Entered: 06/01/2018) |
| 07/31/2018 | 20 | SECOND LETTER MOTION for Extension of Time to Complete Discovery *and Modify Parties' Summary Judgment Motion Schedule* addressed to Judge Lewis A. Kaplan from David S. Korzenik dated July 31, 2018. Document filed by Bauer Media Group USA, LLC. (Attachments: # 1 Exhibit Parties' Stipulation Extending Time)(Korzenik, David) (Entered: 07/31/2018) |
| 08/07/2018 | 21 | STIPULATION EXTENDING TIME FOR ANTICIPATED COMPLETION OF DISCOVERY AND SUMMARY JUDGMENT MOTION BRIEFING: IT IS HEREBY STIPULATED AND AGREED, between the undersigned counsel for the parties indicated below: That the time within which the parties anticipate completion of fact discovery is hereby extended from July 31, 2018 to and including August 7, 2018. Fact Discovery due by 8/7/2018., Motions due by 9/7/2018., Responses due by 11/16/2018, Replies due by 11/30/2018. And as set forth herein. Granted. SO ORDERED., Motions terminated: 20 SECOND LETTER MOTION for Extension of Time to Complete Discovery and Modify Parties' Summary Judgment Motion Schedule addressed to Judge Lewis A. Kaplan from David S. Korzenik dated July 31, 2018. filed by Bauer Media Group USA, LLC. (Signed by Judge Lewis A. Kaplan on 8/4/2018) (ama) (Entered: 08/07/2018) |
| 09/06/2018 | 22 | NOTICE OF CHANGE OF ADDRESS by Terence Patrick Keegan on behalf of Bauer Media Group USA, LLC. New Address: Miller Korzenik Sommers Rayman LLP, 1501 Broadway, Suite 2015, New York, NY, US 10036, 212-752-9200. (Keegan, Terence) (Entered: 09/06/2018) |
| 09/06/2018 | 23 | LETTER MOTION for Conference *and Suspension of Motion Briefing Schedule* addressed to Judge Lewis A. Kaplan from Terence P. Keegan and David S. Korzenik dated September 6, 2018. Document filed by Bauer Media Group USA, LLC.(Keegan, Terence) (Entered: 09/06/2018) |
| 09/06/2018 | 24 | NOTICE OF CHANGE OF ADDRESS by David S. Korzenik on behalf of Bauer Media Group USA, LLC. New Address: Miller Korzenik Sommers Rayman LLP, 1501 Broadway, Suite 2015, New York, NY, US 10036, 212-752-9200. (Korzenik, David) (Entered: 09/06/2018) |
| 09/07/2018 | 25 | MOTION for Partial Summary Judgment *Against Defendant Bauer Media Group USA, LLC on liability for Copyright Infringement*. Document filed by Steve Sands.(Liebowitz, Richard) (Entered: 09/07/2018) |
| 09/07/2018 | 26 | MEMORANDUM OF LAW in Support re: 25 MOTION for Partial Summary Judgment *Against Defendant Bauer Media Group USA, LLC on liability for Copyright Infringement*. . Document filed by Steve Sands. (Liebowitz, Richard) (Entered: 09/07/2018) |
| 09/07/2018 | 27 | DECLARATION of Steve Sands in Support re: 25 MOTION for Partial Summary Judgment *Against Defendant Bauer Media Group USA, LLC on liability for Copyright Infringement.*. Document filed by Steve Sands. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E)(Liebowitz, Richard) (Entered: 09/07/2018) |
| 09/07/2018 | 28 | DECLARATION of Richard P. Liebowitz in Support re: 25 MOTION for Partial Summary Judgment *Against Defendant Bauer Media Group USA, LLC on liability for Copyright* |

| | | |
|---|---|---|
| | | *Infringement..* Document filed by Steve Sands. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D)(Liebowitz, Richard) (Entered: 09/07/2018) |
| 09/07/2018 | 29 | DECLARATION of Donna Halperin in Support re: 25 MOTION for Partial Summary Judgment *Against Defendant Bauer Media Group USA, LLC on liability for Copyright Infringement..* Document filed by Steve Sands. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C)(Liebowitz, Richard) (Entered: 09/07/2018) |
| 09/07/2018 | 30 | NOTICE of Plaintiff's Rule 56.1 Statement in Support of His Motion for Summary Judgment re: 25 MOTION for Partial Summary Judgment *Against Defendant Bauer Media Group USA, LLC on liability for Copyright Infringement..* Document filed by Steve Sands. (Liebowitz, Richard) (Entered: 09/07/2018) |
| 09/10/2018 | 31 | LETTER RESPONSE in Opposition to Motion addressed to Judge Lewis A. Kaplan from James H. Freeman dated 9/10/18 re: 23 LETTER MOTION for Conference *and Suspension of Motion Briefing Schedule* addressed to Judge Lewis A. Kaplan from Terence P. Keegan and David S. Korzenik dated September 6, 2018. . Document filed by Steve Sands. (Freeman, James) (Entered: 09/10/2018) |
| 09/11/2018 | 32 | LETTER REPLY to Response to Motion addressed to Judge Lewis A. Kaplan from Terence P. Keegan and David S. Korzenik dated September 11, 2018 re: 23 LETTER MOTION for Conference *and Suspension of Motion Briefing Schedule* addressed to Judge Lewis A. Kaplan from Terence P. Keegan and David S. Korzenik dated September 6, 2018. . Document filed by Bauer Media Group USA, LLC. (Attachments: # 1 Exhibit Counsel emails, # 2 Exhibit Sands Initial Disclosures, # 3 Exhibit Sands Document Responses) (Korzenik, David) (Entered: 09/11/2018) |
| 09/13/2018 | 33 | ORDER granting in part 23 Letter Motion for Conference. 1. Defendant's time within which to respond to any motion by plaintiff for summary judgment is extended sine die. 2. Defendants may move for security for costs. (Signed by Judge Lewis A. Kaplan on 9/13/2018) (anc) (Entered: 09/13/2018) |
| 10/23/2018 | 34 | LETTER MOTION to Reopen re: 33 Order on Motion for Conference, 25 MOTION for Partial Summary Judgment *Against Defendant Bauer Media Group USA, LLC on liability for Copyright Infringement. Plaintiff Respectfully Requests that the Court Lift the Stay on the briefing schedule for summary judgment and order Defendant to file its opposition within 14 days from the date of the proposed order* addressed to Judge Lewis A. Kaplan from Richard P. Liebowitz dated 10/23/18., LETTER MOTION to Expedite addressed to Judge Lewis A. Kaplan from Richard P. Liebowitz dated 10/23/18. Document filed by Steve Sands.(Liebowitz, Richard) (Entered: 10/23/2018) |
| 10/23/2018 | 35 | LETTER RESPONSE in Opposition to Motion addressed to Judge Lewis A. Kaplan from Terence P. Keegan dated October 23, 2018 re: 34 LETTER MOTION to Reopen re: 33 Order on Motion for Conference, 25 MOTION for Partial Summary Judgment *Against Defendant Bauer Media Group USA, LLC on liability for Copyright Infringement. Plaintiff Respectfully Requests that t LETTER MOTION to Expedite addressed to Judge Lewis A. Kaplan from Richard P. Liebowitz dated 10/23/18. . Document filed by Bauer Media Group USA, LLC. (Keegan, Terence) (Entered: 10/23/2018)* |
| 10/23/2018 | 36 | ORDER denying 34 Letter Motion to Reopen ; denying 34 Letter Motion to Expedite. (Signed by Judge Lewis A. Kaplan on 10/23/2018) (Kaplan, Lewis ) (Entered: 10/23/2018) |
| 10/30/2018 | 37 | STATUS REPORT. *Re: 33 Motion for Security for Costs.* Document filed by Bauer Media Group USA, LLC.(Keegan, Terence) (Entered: 10/30/2018) |
| 11/02/2018 | 38 | MOTION for Sanctions *and/or Security for Costs.* Document filed by Bauer Media Group USA, LLC.(Keegan, Terence) (Entered: 11/02/2018) |
| | | |

| 11/02/2018 | [39](#) | DECLARATION of Terence P. Keegan in Support re: [38](#) MOTION for Sanctions *and/or Security for Costs*.. Document filed by Bauer Media Group USA, LLC. (Keegan, Terence) (Entered: 11/02/2018) |
|---|---|---|
| 11/02/2018 | [40](#) | MEMORANDUM OF LAW in Support re: [38](#) MOTION for Sanctions *and/or Security for Costs*. . Document filed by Bauer Media Group USA, LLC. (Keegan, Terence) (Entered: 11/03/2018) |
| 11/05/2018 | [41](#) | PROPOSED STIPULATION AND ORDER. Document filed by Steve Sands. (Freeman, James) (Entered: 11/05/2018) |
| 11/06/2018 | [42](#) | STIPULATION AND ORDER RE: EXTENSION OF TIME: WHEREAS, on November 2, 2018, Defendant Bauer Media Group USA, LLC ("Defendant") filed a motion for sanctions and/or security for costs (the "Motion"); WHEREAS, Plaintiff Steve Sands ("Plaintiff") requested and Defendant consented to a 14-day extension of time for Plaintiff to respond; WHEREAS, no previous extensions have been made; and so IT IS HEREBY AGREED that Plaintiff Steve Sands' opposition papers, if any, shall be filed on or before November 30, 2018. Defendant's reply brief, if any, shall be filed on or before December 7, 2018. SO ORDERED. (Responses due by 11/30/2018, Replies due by 12/7/2018.) (Signed by Judge Lewis A. Kaplan on 11/6/2018) (jca) (Entered: 11/06/2018) |
| 11/30/2018 | [43](#) | MEMORANDUM OF LAW in Opposition re: [38](#) MOTION for Sanctions *and/or Security for Costs*. . Document filed by Steve Sands. (Liebowitz, Richard) (Entered: 11/30/2018) |
| 11/30/2018 | [44](#) | DECLARATION of STEVE SANDS in Opposition re: [38](#) MOTION for Sanctions *and/or Security for Costs*.. Document filed by Steve Sands. (Attachments: # [1](#) Exhibit A, # [2](#) Exhibit B, # [3](#) Exhibit C, # [4](#) Exhibit D, # [5](#) Exhibit E)(Liebowitz, Richard) (Entered: 11/30/2018) |
| 12/06/2018 | [45](#) | LETTER MOTION for Extension of Time *to File Reply in Support of Motion for Sanctions and/or Security for Costs* addressed to Judge Lewis A. Kaplan from Terence P. Keegan dated December 6, 2018., LETTER MOTION for Oral Argument *on Motion for Sanctions and/or Security for Costs* addressed to Judge Lewis A. Kaplan from Terence P. Keegan dated December 6, 2018. Document filed by Bauer Media Group USA, LLC.(Keegan, Terence) (Entered: 12/06/2018) |
| 12/07/2018 | [46](#) | ORDER granting [45](#) Letter Motion for Extension of Time; granting [45](#) Letter Motion for Oral Argument. Granted. SO ORDERED. (Signed by Judge J. Paul Oetken, Part I on 12/7/2018) (anc) Modified on 12/7/2018 (anc). (Entered: 12/07/2018) |
| 12/07/2018 | | Set/Reset Deadlines: Replies due by 12/14/2018. (anc) (Entered: 12/07/2018) |
| 12/14/2018 | [47](#) | LETTER addressed to Judge Lewis A. Kaplan from Richard Liebowitz dated 12/14/18 re: Notice of Supplemental Authority. Document filed by Steve Sands. (Attachments: # [1](#) Exhibit A, # [2](#) Exhibit B)(Liebowitz, Richard) (Entered: 12/14/2018) |
| 12/14/2018 | [48](#) | DECLARATION of Terence P. Keegan in Support re: [38](#) MOTION for Sanctions *and/or Security for Costs*.. Document filed by Bauer Media Group USA, LLC. (Attachments: # [1](#) Exhibit Ex A Email from Sands counsel dated 12-6-2018)(Keegan, Terence) (Entered: 12/14/2018) |
| 12/14/2018 | [49](#) | REPLY MEMORANDUM OF LAW in Support re: [38](#) MOTION for Sanctions *and/or Security for Costs*. . Document filed by Bauer Media Group USA, LLC. (Keegan, Terence) (Entered: 12/14/2018) |
| 12/17/2018 | [50](#) | LETTER MOTION for Leave to File Sur-Reply *in Further Opposition to Defendant's Motion for a Bond* addressed to Judge Lewis A. Kaplan from Richard Liebowitz dated 12/17/18. Document filed by Steve Sands.(Liebowitz, Richard) (Entered: 12/17/2018) |

| 12/18/2018 | 51 | LETTER RESPONSE in Opposition to Motion addressed to Judge Lewis A. Kaplan from Terence P. Keegan and David S. Korzenik dated December 18, 2018 re: 50 LETTER MOTION for Leave to File Sur-Reply *in Further Opposition to Defendant's Motion for a Bond* addressed to Judge Lewis A. Kaplan from Richard Liebowitz dated 12/17/18. . Document filed by Bauer Media Group USA, LLC. (Keegan, Terence) (Entered: 12/18/2018) |
|---|---|---|
| 12/20/2018 | 52 | ORDER denying 50 Letter Motion for Leave to File Document. Denied. SO ORDERED. (Signed by Judge Lewis A. Kaplan on 12/20/2018) (jca) (Entered: 12/20/2018) |
| 06/10/2019 | 53 | SECOND LETTER MOTION to Reopen re: 25 MOTION for Partial Summary Judgment *Against Defendant Bauer Media Group USA, LLC on liability for Copyright Infringement*. addressed to Judge Lewis A. Kaplan from Richard Liebowitz dated 6/10/19. Document filed by Steve Sands.(Liebowitz, Richard) (Entered: 06/10/2019) |
| 06/18/2019 | 54 | LETTER RESPONSE in Opposition to Motion addressed to Judge Lewis A. Kaplan from Terence P. Keegan dated June 18, 2019 re: 53 SECOND LETTER MOTION to Reopen re: 25 MOTION for Partial Summary Judgment *Against Defendant Bauer Media Group USA, LLC on liability for Copyright Infringement*. addressed to Judge Lewis A. Kaplan from Richard Liebowitz dated *June 10, 2019*. Document filed by Bauer Media Group USA, LLC. (Keegan, Terence) (Entered: 06/18/2019) |
| 08/19/2019 | 55 | ORDER denying 53 Letter Motion to Reopen (HEREBY ORDERED by Judge Lewis A. Kaplan)(Text Only Order) (Kaplan, Lewis) (Entered: 08/19/2019) |
| 09/18/2019 | 56 | MEMORANDUM OPINION: For the foregoing reasons, defendant's motion to dismiss the action as a sanction for alleged discovery misconduct or, alternatively, to strike portions of the evidence that plaintiff has submitted in support of a motion for summary judgment or require a bond as security for costs and fees pursuant to Local Civ. R. 54.2 [DI 38], is granted to the extent that plaintiff's counsel, Mr. Liebowitz, shall pay defendant's reasonable attorney's fees, for making and litigating this motion, and plaintiff shall show cause, on or before October 2, 2019, why the Court should not condition plaintiffs ability to proceed with this action on the posting of a bond or other sufficient security in the amount of $50,000 for costs and attorney's fees in this action, and otherwise denied. Plaintiff's motion for partial summary judgment [DI 25] is denied. SO ORDERED. (Signed by Judge Lewis A. Kaplan on 9/18/2019) (jca) Transmission to Finance Unit (Cashiers) for processing. (Entered: 09/18/2019) |
| 09/19/2019 | 57 | LISTING OF R. LIEBOWITZ COPYRIGHT ACTIONS. (jca) (Entered: 09/19/2019) |
| 10/02/2019 | 58 | MEMORANDUM OF LAW in Opposition re: 56 Memorandum & Opinion,,,, *Response re: Order to Show Cause*. Document filed by Steve Sands. (Liebowitz, Richard) (Entered: 10/02/2019) |
| 10/02/2019 | 59 | MOTION for Reconsideration re; 56 Memorandum & Opinion,,,, . Document filed by Steve Sands.(Liebowitz, Richard) (Entered: 10/02/2019) |
| 10/02/2019 | 60 | MEMORANDUM OF LAW in Opposition re: 59 MOTION for Reconsideration re; 56 Memorandum & Opinion,,,, . . Document filed by Steve Sands. (Liebowitz, Richard) (Entered: 10/02/2019) |
| 10/02/2019 | 61 | CONSENT LETTER MOTION for Extension of Time *[Fixing date for Defendant to file 1) Declarations in support of attorneys' fees determination; 2) Response to Plaintiff's show-cause order opposition; 3) Opposition to Plaintiff's motion for reconsideration]* addressed to Judge Lewis A. Kaplan from Terence P. Keegan dated October 2, 2019. Document filed by Bauer Media Group USA, LLC.(Keegan, Terence) (Entered: 10/02/2019) |
| 10/03/2019 | 62 | ORDER granting 61 Motion for Extension of Time. (Signed by Judge Lewis A. Kaplan on |

| | | |
|---|---|---|
| | | 10/3/2019) (Kaplan, Lewis) (Entered: 10/03/2019) |
| 10/10/2019 | 63 | ORDER denying 59 Motion for Reconsideration. Counsel cites the standard for a motion for reconsideration in his memo. He then ignores it to simply argue points he argued on the motion. Reconsideration denied. SO ORDERED. (Signed by Judge Lewis A. Kaplan on 10/10/2019) (jca) (Entered: 10/10/2019) |
| 10/16/2019 | 64 | NOTICE OF APPEARANCE by Zachary M. Press on behalf of Bauer Media Group USA, LLC. (Press, Zachary) (Entered: 10/16/2019) |
| 10/16/2019 | 65 | DECLARATION of David S. Korzenik in Support re: 38 MOTION for Sanctions *and/or Security for Costs*.. Document filed by Bauer Media Group USA, LLC. (Attachments: # 1 Matter Invoices and Payment Summaries)(Press, Zachary) (Entered: 10/16/2019) |
| 10/16/2019 | 66 | REPLY to Response to Motion re: 38 MOTION for Sanctions *and/or Security for Costs. Memorandum of Law in Opposition to 58 Plaintiff's Show-Cause Response Regarding Security For Costs*. Document filed by Bauer Media Group USA, LLC. (Press, Zachary) (Entered: 10/16/2019) |
| 10/22/2019 | 67 | MEMORANDUM OPINION: This action shall be dismissed with prejudice unless Sands, on or before October 29, 2019, posts of a bond or other sufficient security in the amount of $50,000 for costs and attorney's fees in this action. SO ORDERED. (Signed by Judge Lewis A. Kaplan on 10/22/2019) (mml) Transmission to Finance Unit (Cashiers) for processing. (Entered: 10/22/2019) |
| 10/29/2019 | 68 | MOTION for Recusal . Document filed by Steve Sands.(Liebowitz, Richard) (Entered: 10/29/2019) |
| 10/29/2019 | 69 | MEMORANDUM OF LAW in Support re: 68 MOTION for Recusal . . Document filed by Steve Sands. (Liebowitz, Richard) (Entered: 10/29/2019) |
| 10/30/2019 | 70 | DECLARATION of Richard Liebowitz in Support re: 68 MOTION for Recusal .. Document filed by Steve Sands. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Liebowitz, Richard) (Entered: 10/30/2019) |
| 10/30/2019 | 71 | RESPONSE in Opposition to Motion re: 68 MOTION for Recusal . *Response re counsel statements in supporting documents [69, 70]*. Document filed by Bauer Media Group USA, LLC. (Keegan, Terence) (Entered: 10/30/2019) |
| 11/12/2019 | 72 | DECLARATION of David S. Korzenik in Opposition re: 68 MOTION for Recusal .. Document filed by Bauer Media Group USA, LLC. (Korzenik, David) (Entered: 11/12/2019) |
| 11/12/2019 | 73 | MEMORANDUM OF LAW in Opposition re: 68 MOTION for Recusal . . Document filed by Bauer Media Group USA, LLC. (Korzenik, David) (Entered: 11/12/2019) |
| 11/19/2019 | 74 | REPLY MEMORANDUM OF LAW in Support re: 68 MOTION for Recusal . . Document filed by Steve Sands. (Liebowitz, Richard) (Entered: 11/19/2019) |
| 11/19/2019 | 75 | REPLY AFFIDAVIT of Richard Liebowitz in Support re: 68 MOTION for Recusal .. Document filed by Steve Sands. (Liebowitz, Richard) (Entered: 11/19/2019) |
| 11/20/2019 | 76 | LETTER MOTION for Leave to File To file Opposition Brief to Docket #65 addressed to Judge Lewis A. Kaplan from Richard Liebowitz dated 11/20/19. Document filed by Steve Sands.(Liebowitz, Richard) (Entered: 11/20/2019) |
| 11/20/2019 | 77 | LETTER RESPONSE in Opposition to Motion addressed to Judge Lewis A. Kaplan from Terence P. Keegan dated 11/20/2019 re: 76 LETTER MOTION for Leave to File To file Opposition Brief to Docket #65 addressed to Judge Lewis A. Kaplan from Richard |

| | | |
|---|---|---|
| | | Liebowitz dated 11/20/19. . Document filed by Bauer Media Group USA, LLC. (Press, Zachary) (Entered: 11/20/2019) |
| 11/26/2019 | 78 | MEMORANDUM AND ORDER denying 68 Motion for Recusal; granting in part 76 Letter Motion for Leave to File Document. For the foregoing reasons, plaintiff's recusal motion (Dkt. 68) is denied in all respects. The action is dismissed with prejudice for plaintiffs failure to post security as required by the October 22, 2019 order. Plaintiff's motion for permission to file a further memorandum concerning the amount of attorney's fees to be awarded (Dkt. 77) is granted to the extent that he may file such a memorandum provided it is filed on or before December 6, 2019 and does not exceed 10 double spaced pages. SO ORDERED. (Signed by Judge Lewis A. Kaplan on 11/26/2019) (jca) Modified on 12/20/2019 (jca). (Entered: 11/26/2019) |
| 12/06/2019 | 79 | MEMORANDUM OF LAW in Opposition re: 65 Declaration in Support of Motion . Document filed by Steve Sands. (Liebowitz, Richard) (Entered: 12/06/2019) |
| 12/13/2019 | 80 | REPLY AFFIRMATION of Terence P. Keegan in Support re: 38 MOTION for Sanctions *and/or Security for Costs*.. Document filed by Bauer Media Group USA, LLC. (Keegan, Terence) (Entered: 12/13/2019) |
| 12/17/2019 | 81 | MEMORANDUM AND ORDER: On September 18, 2019, the Court ordered Mr. Richard Liebowitz, counsel for plaintiff, to pay defendant's reasonable attorneys' fees for making and litigating its motion for sanctions [DI-56]. Defense counsel submitted its timesheets along with several declarations in support of its fee petition [DI-65, 80]. These documents asserted that defense counsel billed 116.8 hours at a blended rate of $326.11 per hour - a total of $38,090 - in connection with the sanctions motion. Plaintiff argues that defense counsel's hours are excessive and that Mr. Liebowitz should be required to pay no more than $5,625, or 15 hours at $375 per hour [DI-79].1 The Court has carefully considered the parties' submissions, in particular defense counsel's timesheets. It finds that defense counsel's hours are unreasonably high relative to the amount of work one would be expected to perform in prosecuting the sanctions motion. The Court finds it proper to reduce defense counsel's hours by 25%, from 116.8 to 87.6. At the rate of $326.11 per hour, this comes to $28,567.50. Mr. Liebowitz is ordered to pay this amount to defense counsel. SO ORDERED. (Signed by Judge Lewis A. Kaplan on 12/17/2019) (jca) (Entered: 12/17/2019) |
| 12/26/2019 | 82 | NOTICE OF APPEAL from 67 Memorandum & Opinion, 56 Memorandum & Opinion,,,, 78 Order on Motion for Recusal, Order on Motion for Leave to File Document,,,, 81 Order,,,,,. Document filed by Steve Sands. Form C and Form D are due within 14 days to the Court of Appeals, Second Circuit. (Liebowitz, Richard) (Entered: 12/26/2019) |
| 12/26/2019 | | Appeal Fee Due: for 82 Notice of Appeal,. $505.00 Appeal fee due by 1/9/2020. (nd) (Entered: 12/27/2019) |
| 12/27/2019 | | Transmission of Notice of Appeal and Certified Copy of Docket Sheet to US Court of Appeals re: 82 Notice of Appeal,. (nd) (Entered: 12/27/2019) |
| 12/27/2019 | | Appeal Record Sent to USCA (Electronic File). Certified Indexed record on Appeal Electronic Files for 82 Notice of Appeal, filed by Steve Sands were transmitted to the U.S. Court of Appeals. (nd) (Entered: 12/27/2019) |
| 01/09/2020 | | Appeal Fee Payment: for 82 Notice of Appeal,. Filing fee $ 505.00, receipt number ANYSDC-18467623. (Liebowitz, Richard) (Entered: 01/09/2020) |

**PACER Service Center**

| Transaction Receipt | | | |
|---|---|---|---|
| 01/09/2020 21:36:15 | | | |
| **PACER Login:** | jhfreeman25 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 1:17-cv-09215-LAK |
| **Billable Pages:** | 8 | **Cost:** | 0.80 |

# EXHIBIT C

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

STEVE SANDS,

                    Plaintiff,

            -against-                          17-cv-9215 (LAK)

BAUER MEDIA GROUP USA, LLC,

                    Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## MEMORANDUM OPINION

Appearances:

                          Richard Liebowitz
                          Yekaterina Tsyvkin
                          LIEBOWITZ LAW FIRM PLLC
                          *Attorneys for Plaintiff*

                          Terence P. Keegan
                          David S. Korzenik
                          MILLER KORZENIK SOMMERS RAYMAN LLP
                          *Attorneys for Defendant*

LEWIS A. KAPLAN, *District Judge.*

        Digital imaging and the Internet are among the wonders of our age. In combination, they permit the virtually instant and worldwide electronic dissemination of high quality images that can be, and often are, copied and redisseminated by others. Nonetheless, this circumstance has created problems for professional photographers and publishers of images that were unimaginable

in the relatively recent past.  It has led also to the creation of a lawyer business model that has deluged this Court with photographic copyright infringement cases since early 2016.

This deluge is attributable to plaintiff's counsel in this case, Richard Liebowitz. According to the Court's records, Mr. Liebowitz, who was admitted to practice in this Court in October 2015, filed 1,110 lawsuits in this Court from the beginning of 2016 through September 16, 2019.  That is an average of more than one new case on every day the Court has been open for business.  Each and every one of those 1,110 cases has been a copyright infringement suit.  Many – probably all or nearly so – have been brought on behalf of photographers who assert that their images have been infringed by Internet web sites and other publishers.   This case is part of the downpour.

Of course, photographers who create copyrighted images should be fairly compensated for their work. Those who infringe by using such images in violation of the rights of a copyright holder should be held to account.  On the other hand, as I noted in a prior case, "[t]here may well be justification for [the] implication [that a significant portion of the 1,110 cases] . . . [have been] strike suits, designed to extort settlements from defendants on the basis that the defense costs would exceed what plaintiff would accept in settlement."[1]  Indeed, another judge of this Court has referred to Mr. Liebowitz as a "copyright troll" – one who is

> "more focused on the business of litigation than on selling a product or service or licensing their copyrights to third parties to sell a product or service. A copyright troll plays a numbers game in which it targets hundreds or thousands of defendants

---

[1]

*Konangataa v. Am. Broadcasting Cos.,* Nos. 16-cv-7382, 7383 and 7472 (LAK), 2017 WL 2684067, at *2 (S.D.N.Y. June 21, 2017). *See also, e.g., Pereira v. 3072541 Canada Inc.,* No. 17-cv-6945 (RA), 2018 WL 5999636, at *3 (S.D.N.Y. Nov. 15, 2018) (describing Mr. Liebowitz's litigation tactics as "an apparent attempt to increase costs and to extort unwarranted settlements").

3

> seeking quick settlements priced just low enough that it is less expensive for the
> defendant to pay the troll rather than defend the claim."[2]

Moreover, Mr. Liebowitz has been sanctioned, reprimanded, and advised to "clean up [his] act" by

other judges of this Court. As Judge Furman recently observed, "there is a growing body of law in

this District devoted to the question of whether and when to impose sanctions on Mr. Liebowitz."[3]

And that is what I am asked to do here by defendant's motion to dismiss the action as a sanction for

alleged discovery misconduct or, alternatively, to strike portions of the evidence that plaintiff has

submitted in support of a motion for summary judgment or require a bond as security for costs and

fees pursuant to Local Civ. R. 54.2.

*Facts*

This case concerns two images allegedly taken by plaintiff Steve Sands of the well

known model, Emily Ratajkowski.

*The Shooting of the DKNY Campaign Video and the Capture of the Allegedly Infringed Images*

It appears that Ms. Ratajkowski was engaged by or on behalf of the women's wear

---

[2]

> *McDermott v. Monday Monday, LLC,* No. 17-cv-9230 (DLC), 2018 WL 5312903, at *2
> (S.D.N.Y. Oct. 26, 2018); *see also Reynolds v. Hearst Commc'ns, Inc.*, No. 17-cv-6720
> (DLC), 2018 WL 1229840, at *4 (S.D.N.Y. Mar. 5, 2018).

[3]

> *Rice v. NBCUniversal Media, LLC*, No. 19-cv-447 (JMF), 2019 WL 3000808 (S.D.N.Y.
> July 10, 2019) (citing *Pereira*, No. 17-cv-6945 (RA), 2018 WL 5999636, at *2;
> *McDermott*, No. 17-cv-9230 (DLC), 2018 WL 5312903, at *2-3; *Steeger v. JMS Cleaning
> Servs., LLC*, No. 17-cv-8013 (DLC), 2018 WL 1363497, at *3 (S.D.N.Y. March 15, 2018);
> *Craig v. UMG Recordings, Inc.*, No. 16-cv-5439 (JPO), 2019 WL 1432929, at *10
> (S.D.N.Y. Mar. 29, 2019)).

4

company, DKNY, to appear in a video commercial promoting a new line of intimate wear and related products that was to be introduced in connection with the hash tag #GoodMorning DKNY. Plaintiff Sands, a professional photographer who allegedly had nothing to do with shooting the commercial,[4] captured two or more still images of Ms. Ratajkowski, apparently as she was performing, posing, or rehearsing for the video.  He claims to hold copyright in the still images he took, as distinguished from the images on the commercial or any others shot on behalf of DKNY or others.

On January 19, 2017, the day before the photo shoot, Ms. Ratajkowski posted on her Instagram account a photo of herself clad only in underwear and reclining on a sofa or ottoman.  Her accompanying comment stated "Secret project in NYC today . . . coming to you March 2017."[5]

On the following day, January 20, 2017, Ms. Ratajkowski posted to her Instagram a photo of herself in lace underwear to which plaintiff claims copyright.[6] It appeared with the description "Shooting today in NYC mid-January in 40 degree weather in MY UNDERWEAR. Working hard lol" followed by three emoji.  Based on a screengrab of this photo submitted by defendant – the post at issue is no longer on Instagram – no photo credit appears alongside the

---

[4]

Cpt. ¶ 7 & Ex. A.

Mr. Sands asserts that he had nothing to do with making the video and was not hired by anyone to photograph Ms. Ratajkowski that day.  He states that he understood that she was shooting a commercial for DKNY that day and that  "[s]he was in public view at the time I photographed her and she could have been photographed by anyone." Sands Decl. (DI 27) ¶¶ 4-5.

[5]

Ans. ¶ 11 n.2 & Ex. B, at 3.

[6]

Id. Ex. B, at 2.

Case 19-4306, Document 16, 01/13/2026, 2750473, Page25 of 53

5

photograph.  The post made no reference to plaintiff.[7]

On January 28, Ms. Ratajkowski posted another photograph of herself to Instagram holding a cup of coffee and wearing what appears to be the same lace underwear.  Again based on defendant's screengrab, the photograph is uncredited and the posting makes no reference to plaintiff.[8]

The record is unclear as to how Ms. Ratajkowski obtained those two images – images allegedly shot by Mr. Sands – in order to have been able to post them on her Instagram account, in one case on the very day it was taken.


*The DKNY Campaign Goes Public*

The DKNY campaign – and, in particular, the video shot on January 20 – went fully public on or about March 13, 2017.  The video commercial appears on Instagram and remains available on web sites.[9]

The commercial opens with Ms. Ratajkowski lying in bed clad only in lace underpants.  She arises, dons a lace bra, leaves an apartment, and walks a dog down a New York street clad only in boots and the lace underwear.  The video closes with her looking into the camera and saying "good morning New York."

The video, its promotional use by DKNY, and images of Ms. Ratajkowski as she

---

[7]     *Id.*

[8]     *Id.* Ex. B, at 1.

[9]     *E.g.,*
https://www.usmagazine.com/stylish/news/emily-ratajkowski-walks-her-dog-in-bra-und
erwear-for-dkny-w471860/ (last visited Sept. 11, 2019).

Case 19-4386, Document 16, 01/13/2020, 2756473, Page26 of 53

6

appeared in the video were eye catching and unusual.  While it often is said that "anything can happen in New York," that is an exaggeration.  The frequency with which attractive models of any gender walk their dogs down New York City streets clad – in the dead of winter – only in lace underwear is virtually non-existent.  Reasonable triers of fact reasonably could conclude that the events depicted in the video and in Mr. Sands' images, and the use to which images of those events was being put, were newsworthy.[10]

Defendant Bauer Media Group USA LLC ("Bauer") operates the web site FHM.com.  FHM.com was among the many media outlets that ran stories about the DKNY video on March 13, 2017, its story being entitled *Emily Ratajkowski's New DKNY Ad Is Just Her Walking A Dog In Lingerie*.[11]  The article was accompanied by a set of photographs that included the two images in which plaintiff claims copyright.  The article reported and commented on the release of the DKNY video.  It attributed each of the photos on its web page – including the two allegedly infringed Sands images, both of which had appeared on Ms. Ratajkowski's January Instagram posts – to "Instagram/emrata," "emrata" being Ms. Ratajkowski's Instagram handle.[12]

---

[10]

   *E.g.,* Sammy Nickalls, *Emily Ratajkowsi Walks Her Dog in Lingerie, as One Does: Anything Can Happen in New York!*, ESQUIRE (Mar. 13, 2017) (available at https://www.esquire.com/style/mens-fashion/news/a53836/emily-ratajkowski-lingerie/) (last visited Sept. 11, 2019); Jamie Feldman, *DKNY's Unrelatable Ad Shows Emily Ratajkowski Walking Her Dog in Lingerie*, HUFFPOST (Mar. 13, 2017) (available at https://www.huffpost.com/entry/emily-ratajkowski-bra_n_58c6d59ee4b0598c66986d93) (last visited Sept. 11, 2019); Alex Ungerman, *Emily Ratajkowski Walks Dog in NYC Wearing Nothing but Lingerie for DKNY – Watch!*, AOL (Mar. 13, 2017) (available at https://www.aol.com/article/entertainment/2017/03/13/emily-ratajkowski-walks-dog-in-nyc-wearing-nothing-but-lingerie/21884545/) (last visited Sept. 11, 2019).

[11]

   Ans. ¶ 11 & Ex. A.

[12]

   *Id.*

Case 19-4386, Document 16, 01/13/2026, 3756473, Page 27 of 53

*Prior Proceedings*

    *Discovery*

       This action was commenced in December 2017. The Court held an initial pretrial conference on February 6, 2018, during which Bauer expressed its intention to raise a defense of fair use, plaintiff announced a $25,000 settlement demand, and Bauer stated its wish to litigate the matter – if necessary – in a speedy and efficient manner, so that the prospect of substantial legal fees would not effectively force it to accede to plaintiff's demand regardless of the merit and value of the claim. It was abundantly clear at the conference that the licensing history of the two allegedly infringed photos would be highly relevant to any disposition of the case. They would be relevant to, perhaps among other issues, (1) one of the key factors bearing on Bauer's fair use defense, the impact of the alleged infringement on the market for plaintiff's work, and (2) plaintiff's claim for actual damages, which were demanded in the complaint in addition to statutory damages.

       Mr. Sands' counsel, a former associate of Mr. Liebowitz, readily represented at the conference that plaintiff had licensing history information for these photographs and that plaintiff would produce it. Independent of that representation, Sands was obliged by Rule 26(a)(1)(A) to identify anyone with information on documents that Sands might use to support his claims. Rule 26(a)(1)(A) certainly covered information concerning any licensing history of these photos given their relevance to the actual damages claim and their potential utility to plaintiff in meeting the fair use defense. In any case, the Court directed both sides to produce the required Rule 26(a) disclosure on or before March 9, 2018.[13] In addition, Bauer subsequently sought information concerning the

---

[13] DI 16, DI 17.

8

licensing history of the allegedly infringed photographs through requests for production of documents.[14]

Sands' Rule 26(a) disclosure identified only himself as a person likely to have such information. The documents he produced, while containing some information about other photos, contained absolutely nothing before the close of discovery concerning any licensing history of the allegedly infringed photos.[15]

*Sands' Partial Summary Judgment Motion Reveals Some Licensing History*

On September 7, 2018, after the close of discovery, Sands moved for partial summary judgment as to liability, which involved among other things seeking summary judgment of dismissal of Bauer's fair use and other defenses. The motion was supported by declarations of Messrs. Sands and Liebowitz and a Ms. Halperin.[16]

Mr. Sands' declaration asserts that he licensed the two allegedly infringed photos to Getty Images on the day the images were shot, January 20, 2017, and one of the two (called the

---

14

    Keegan Decl. ¶ 10.

    The document request is not of record, but Bauer's counsel asserts that it called for this information. Plaintiff does not dispute this. He does, however, claim in an unsworn statement in his memorandum that "Sands produced all documents in his possession that were responsive to Bauer's requests. [Sands Declr. 11]." DI 43, at 30. In fact, however, paragraph 11 of Mr. Sands' declaration reads, in its entirety: "At the time I took the Photographs, I personally observed other photographers on the scene taking photographs of Ms. Ratajkowski." DI 27, ¶ 11. The declaration nowhere addresses either Bauer's document request or Sands' response to it.

15

    Keegan Decl. ¶¶ 8, 11.

16

    The latter two are immaterial for purposes of the matters now before the Court.

Dogwalk Photo) to Matrix Pictures, a UK stock agency.[17]  He attaches to the declaration as Exhibit C copies of screen shots from the Matrix web site showing the Dogwalk Photo and others taken on the same occasion and offering them for license.[18]  Mr. Sands has submitted no documentary evidence of his alleged licensing of these two photos to Getty Images or Matrix.[19]

Mr. Sands' declaration makes it abundantly clear that he was aware of his alleged licensing of his own two allegedly infringed photos – in the case of Getty from January 20, 2017 onward and in the case of Matrix from whenever he concluded that license.  Yet he failed to identify either Getty or Matrix in his Rule 26(a) disclosure despite the fact that they, to Sands' certain knowledge, were persons with information that Sands might use in support of his claims – as indeed he used them in support of his motion for partial summary judgment.

Following the filing of the Sands motion for partial summary judgment, Bauer filed the present motion to dismiss and sought a stay of briefing of the Sands motion pending the disposition of this one.  Bearing in mind that the resolution of this motion could moot the Sands motion, the Court granted that stay.

*Discussion*

Bauer contends that the conduct of Sands and his counsel warrants dismissal as a

---

[17]

Sands Decl. (DI 27) ¶¶ 12-14.

[18]

*Id.* & Ex. C.

[19]

It of course is highly likely that he has such documentation.

sanction under Fed. R. Civ. P. 16(f), 26(e), 37(b), and/or 37(c).[20]   Alternatively, it seeks to have the

Court strike Mr. Sands' licensing-related testimony and exhibit from his declaration, preclude him

from asserting that the allegedly infringed photos had any licensing history or economic value, and

require him, pursuant to Local Civ. R. 54.2, to post a bond in the amount of $50,000 to satisfy any

judgment in Bauer's favor for costs and attorney's fees under Section 505 of the Copyright Act.[21]

      The failure of Mr. Sands and his counsel, Mr. Liebowitz, to identify Getty and Matrix

violated their obligations under Rule 26(a).  Indeed, they so concede, calling it "a mere oversight of

counsel amounting to no more than simple negligence."[22]   As will appear, however, this likely was

more than a mere oversight, and it should have consequences.

      Rule 37(c)(1) provides:

> "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.  In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:
>
> (A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure;
>
> (B) may inform the jury of the party's failure; and
>
> (C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)–(vi)."

The sanctions available under Rule 37(b)(2)(A)(i)-(vi) include, among other things, dismissal of an

---

[20]     DI 40, at 6-7.

[21]     17 U.S.C. § 505.

[22]     DI 43, at 34 (citation and internal quotation marks omitted).

action and prohibiting the offender from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence.

The standards governing determination of sanctions issues under Rules 26 and 37(c), as outlined by the Second Circuit, are straightforward:

> "In determining whether the District Court abused its discretion in imposing the sanction under Rule 37, we are governed by the standard set forth in *Patterson v. Balsamico*, 440 F.3d 104 (2d Cir. 2006). In *Patterson*, two defendants violated Rule 26(a)(3) by not timely disclosing the names of witnesses they planned to call at trial. *Id.* at 117. The District Court granted the plaintiff's motion to preclude, except as to one witness who was named in the original complaint and whose testimony reasonably could have been anticipated. *Id.* On appeal to this Court, we held that "[i]n determining whether the district court acted within its discretion, this Court [must] consider[ ] '(1) the party's explanation for the failure to comply with the [disclosure requirement]; (2) the importance of the testimony of the precluded witness[es]; (3) the prejudice suffered by the opposing party as a result of having to prepare to meet the new testimony; and (4) the possibility of a continuance.'" *Id.* (citing *Softel, Inc. v. Dragon Med. & Scientific Commc'ns, Inc.*, 118 F.3d 955, 961 (2d Cir. 1997)) (brackets in *Patterson*). Thus, although a "bad-faith" violation of . . . Rule 26 is not *required* in order to exclude evidence pursuant to Rule 37, it can be taken into account as part of the party's explanation for its failure to comply."[23]

*First*, plaintiff's excuse for the failure to identify Getty and Matrix is lame. He concedes that he was obliged to do so, but contends instead in his unsworn memorandum his failure was "a mere oversight of counsel amounting to no more than simple negligence."[24] But neither plaintiff Sands nor his counsel has submitted any affidavit or declaration to support that readily advanced excuse under oath. Moreover, they certainly had a motive to withhold the licensing history of these photographs for as long as possible. As Bauer argues:

> "Withholding licensing information for the Photos kept alive the possibility that

---

[23]

    *Design Strategy, Inc. v. Davis,* 469 F.3d 284, 296 (2d Cir. 2006).

[24]

    DI 43, at 34 (citation omitted).

Bauer would tire of litigation expenses and give in to Sands' shakedown – a classic "copyright troll" strategy in line with the hundreds of other cases brought by Sands' counsel in this District, if not the dozens of cases filed on Sands' own behalf."[25]

Equally important, this not the first time that Mr. Liebowitz has gotten into difficulty in this Court for what at best often is a slap dash approach to pursuing the enormous volume of cases of this nature that he has filed.[26]  A "mere oversight" that happens once or twice is one thing.  A pattern of discovery and related abuse is quite another, and rings of deliberate indifference to an attorney's obligation to behave in a professional, responsible, and competent manner in each and every case he handles.  And if the attorney has filed a deluge of cases, such that his workload is too great to discharge that obligation, the volume of cases must be reduced to a number that may be managed responsibly or the number of responsible and competent attorneys tasked with handling it must be increased.

In sum, plaintiff has offered no satisfactory excuse for his failure to comply with Rules 26(a) and (e).

*Second*, the testimony of Getty and Matrix is likely to prove important to the proper resolution of this case.  Among Bauer's defenses is that of fair use.  The Copyright Act provides that:

"[T]he fair use of a copyrighted work . . . for purposes such as criticism, comment, news reporting, teaching . . . , scholarship, or research, is not an infringement of copyright. In determining whether the use made of a work in any particular case is a fair use the factors to be considered shall include—

(1) the purpose and character of the use, including whether such use is of a commercial nature or is for nonprofit educational purposes;

---

[25]

Def. Reply Mem. [DI 49], at 6.

[26]

*See* note 3, *supra*.

(2) the nature of the copyrighted work;

(3) the amount and substantiality of the portion used in relation to the copyrighted work as a whole; and

(4) the effect of the use upon the potential market for or value of the copyrighted work."[27]

As the Second Circuit wrote recently:

"In fair use litigation, courts undertake a "case-by-case analysis" in which each factor is considered, "and the results [are] weighed together, in light of the purposes of copyright." *Campbell v. Acuff-Rose Music, Inc.,* 510 U.S. 569, 577-78 (1994). The factors are non-exclusive, but consideration of each is mandatory. *Swatch Grp. Mgmt. Servs. Ltd. v. Bloomberg L.P.,* 756 F.3d 73, 81 (2d Cir. 2014). Some of the factors are more important than others, with the fourth (market impact) being "the single most important element." *Harper & Row Publishers, Inc. v. Nation Enters.,* 471 U.S. 539, 566 (1985)."[28]

Getty and Matrix allegedly are licensed to sublicense not only the two allegedly infringed photos, but other photos from the same startling event, as well as still others of Ms. Ratajkowski. Accordingly, they almost certainly have evidence bearing substantially on the potential market for or value of the allegedly infringed photos in particular, others similar to them, and the effect, if any, of infringement on the potential market for the images. Similar evidence from them would have a significant bearing on any actual damages (which plaintiff demands in the complaint along with statutory damages) as well as on the determination of any statutory damages.

*Third*, plaintiff's withholding of this information has prejudiced Bauer, a fact that comes into clear focus when one considers the unusual context in which this conduct occurred.

---

[27]

17 U.S.C. § 107.

[28]

*Fox News Network, LLC v. TVEyes, Inc.*, 883 F.3d 169, 175-76 (2d Cir.) (footnote omitted), *cert. denied*, 139 S.Ct. 595 (2018).

From the very outset, defendant's objective – as it made clear in the initial conference with the Court and its adversary – was to dispose of this case with a minimum investment of time and effort. It was on that basis that the discovery plan agreed and decided upon included only limited and only written discovery followed, if appropriate, by a summary judgment motion or motions and perhaps a very short trial. Obviously important to these proceedings was the licensing history of the allegedly infringed photos, which could have a significant bearing on the fair use defense, actual damages in the event of liability, and perhaps other issues as well. And in view of the representation of plaintiff's counsel at the initial conference that plaintiff had such information, defense counsel had every right to anticipate that documents evidencing any such licensing history would be forthcoming pursuant to Rule 26(a) and their document request. But none were. And Bauer now finds itself – post the close of the discovery period – facing a motion for partial summary judgment motion as to liability, a previously unmade claim that these photos had been licensed to Getty and Matrix, and still no documentary evidence of any such licenses, let alone any information at all about the economic terms of any such licenses. Now it has before it a need for reopened discovery of plaintiff, Getty, and Matrix – the last of which is based in the United Kingdom and may not be subject to process here – and a waste of some level of effort between the date of the initial conference and the present. Of course, much of this harm may be remedied by appropriate relief. But this simply is not the way in which this case should have been handled by plaintiff's counsel.

That said, dismissal "is a drastic remedy that should be imposed only in extreme circumstances."[29] The fact that much of the harm that plaintiff's counsel has caused can be undone

---

[29] *John B. Hull, Inc. v. Waterbury Petroleum Prods., Inc.*, 845 F.2d 1172, 1176 (2d Cir. 1988).

15

militates strongly against it. Nevertheless, the imposition of sanctions is appropriate.

*Conclusion*

For the foregoing reasons, defendant's motion to dismiss the action as a sanction for alleged discovery misconduct or, alternatively, to strike portions of the evidence that plaintiff has submitted in support of a motion for summary judgment or require a bond as security for costs and fees pursuant to Local Civ. R. 54.2 [DI 38], is granted to the extent that plaintiff's counsel, Mr. Liebowitz, shall pay defendant's reasonable attorney's fees, for making and litigating this motion, and plaintiff shall show cause, on or before October 2, 2019, why the Court should not condition plaintiff's ability to proceed with this action on the posting of a bond or other sufficient security in the amount of $50,000 for costs and attorney's fees in this action, and otherwise denied. Plaintiff's motion for partial summary judgment [DI 25] is denied.

SO ORDERED.

Dated:      September 18, 2019

Lewis A. Kaplan
United States District Judge

# EXHIBIT D

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**MEMO ENDORSED**

STEVE SANDS,

                Plaintiff,

    - against -

BAUER MEDIA GROUP, INC.

                Defendant.

Case No. 17-cv-09215 (LAK)

**NOTICE OF MOTION**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE: 1-01-01

**PLEASE TAKE NOTICE** that, upon this Notice of Motion; the memorandum of law in support thereof and exhibits attached thereto; and the pleadings and prior proceedings herein; Plaintiff will move the Court, before the Honorable Lewis A. Kaplan (U.S.D.J.) at the United States District Court, 500 Pearl Street, New York, New York 10007, at a time set by the Court for an Order VACATING the Court's Order, dated September 18, 2019 pursuant to Local Rule 6.3 to the extent it awards attorneys' fees to Defendant Bauer Media Group, Inc.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to Local Rule 6.1(a) and 6.3, Defendant's opposition papers, if any, must be served by October 16, 2019; and Plaintiff's reply, if any, must be served by October 23, 2019.

Dated: Valley Stream, New York
      October 2, 2019

*Counsel cites the standards for a motion for reconsideration in his memo. He then argues it to simply argue points he argued on the motion. Reconsideration denied.*

**SO ORDERED**

LEWIS A. KAPLAN, USDJ
10/10/19

    Respectfully submitted,

    LIEBOWITZ LAW FIRM, PLLC

    **By: /Richard Liebowitz/**
    Richard Liebowitz
    11 Sunrise Plaza, Suite 305
    Valley Stream, New York 11580
    (516) 233-1660
    rl@liebowitzlawfirm.com

    *Attorney for Plaintiff*

# EXHIBIT E

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
STEVE SANDS,

                           Plaintiff,

                    -against-                                  17-cv-9215 (LAK)

BAUER MEDIA GROUP USA, LLC,

                           Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## MEMORANDUM OPINION

            Appearances:

                         Richard Liebowitz
                         Yekaterina Tsyvkin
                         LIEBOWITZ LAW FIRM PLLC
                         *Attorneys for Plaintiff*

                         Terence P. Keegan
                         David S. Korzenik
                         MILLER KORZENIK SOMMERS RAYMAN LLP
                         *Attorneys for Defendant*

LEWIS A. KAPLAN, *District Judge*.

        On September 18, 2019, I issued a memorandum opinion that, among other things,

granted defendant Bauer Media Group USA, LLC's motion for sanctions [DI-38] against plaintiff

Steve Sands and his counsel, Richard Liebowitz, "to the extent that . . . plaintiff shall show cause,

on or before October 2, 2019, why the Court should not condition plaintiff's ability to proceed with

this action on the posting of a bond or other sufficient security in the amount of $50,000 for costs

and attorney's fees in this action."[1]  The parties have briefed the issue, and it is now ripe for decision.

*Discussion*

Local Civil Rule 54.2 provides:

"The Court, on motion or on its own initiative, may order any party to file an original
bond for costs or additional security for costs in such an amount and so conditioned
as it may designate.  For failure to comply with the order the Court may make such
orders in regard to noncompliance as are just, and among others the following: an
order striking out pleadings or staying further proceedings until the bond is filed or
dismissing the action or rendering a judgment by default against the non-complying
party."

The "costs" for which courts may require a security include the reasonable attorneys'

fees available to a prevailing defendant under Section 505 of the Copyright Act.[2]  "Factors generally

considered [in determining whether to require security for costs] include: [1] the financial condition

and ability to pay of the party at issue; [2] whether that party is a non-resident or foreign corporation;

[3] the merits of the underlying claims; [4] the extent and scope of discovery; [5] the legal costs

expected to be incurred; and [6] compliance with past court orders."[3]  In copyright cases, courts rely

---

[1]      Memorandum Opinion 15 [DI-56].

[2]      *See Cruz v. Am. Broad. Companies, Inc.*, No. 17-CV-8794 (LAK), 2017 WL 5665657, at
*1 (S.D.N.Y. Nov. 17, 2017) (citing *Selletti v. Carey*, 173 F.R.D. 96, 100 (S.D.N.Y. 1997)
(Chin, *J.*), *aff'd*, 173 F.3d 104 (2d Cir. 1999)); *see also* 17 U.S.C. § 505.

[3]      *Id.* (quoting *Selletti*, 173 F.R.D. at 100-01); *see also, e.g.*, *Mango v. Democracy Now!
Prods., Inc.*, No. 18CV10588 (DLC), 2019 WL 3325842, at *2 (S.D.N.Y. July 24, 2019)
(same); *Rice v. Musee Lingerie, LLC*, No. 18-CV-9130 (AJN), 2019 WL 2865210, at *1
(S.D.N.Y. July 3, 2019) (same).

3

frequently on the fifth and sixth factors, at times to the exclusion of the other four.[4]  "Security often

has been required where the merits of a plaintiff's case are questionable and there is doubt as to the

[plaintiff's] ability to satisfy any costs judgment that ultimately may be imposed."[5]

      Factor one points in neither direction, as the parties have not presented information

on Sands's financial condition or ability to pay.  Factor two points in favor of Sands because he is

a U.S. citizen.  Although I need not look to the merits of Sands's claim, as factor three invites me

to do, I note that his discovery violation has obscured important facts and impeded thereby my ability

to assess the merits.  Moreover, at this time it appears that Bauer has a reasonable likelihood of

success on his fair use defense.  Factor four points against Sands, as his discovery violation has

created the need for additional discovery and, therefore, additional costs for Bauer. Defense counsel

estimates, and I have no reason to doubt, that the additional attorneys' fees to be incurred as a result

of the reopened discovery may be as high as $40,000 to $60,000.[6]

      Factors five and six are where the rubber meets the road.  As noted above, Sands may

be required under Section 505 of the Copyright Act to pay Bauer's reasonable attorneys' fees.  Bauer

asserts that it already has incurred "well in excess" of $50,000 in attorneys' fees litigating this case.[7]

---

[4]     *Rice*, No. 18-CV-9130 (AJN), 2019 WL 2865210, at *1 (citing, *e.g.*, *Leibowitz v. Galore Media, Inc.*, No. 18-cv-2626 (RA) (HBP), 2018 WL 4519208, at *2 (S.D.N.Y. Sept. 20, 2018)).

[5]     *Cruz*, No. 17-CV-8794 (LAK), 2017 WL 5665657, at *1 (citing *Selletti*, 173 F.R.D. at 101-02).

[6]     Declaration of David S. Korzenik in Support of Bauer Media Group USA, LLC's Award of Attorney's Fees & in Support of Order Requiring Security for Costs 3 [DI-65].

[7]     *Id.*

4

Its counsel has submitted invoices pertaining to its work litigating the motion for sanctions that total roughly $40,000.[8]  I already have ordered Mr. Liebowitz to reimburse Bauer for fees incurred litigating that motion,[9] and I therefore do not consider those fees in estimating the costs and expenses that Sands may be required to pay under Section 505.  Nonetheless, I find that the other work performed by Bauer's counsel has generated significant fees and that those fees will continue accruing as the litigation moves forward.  The fifth factor weighs strongly in favor of ordering Sands to post a bond.[10]

If Sands ultimately is ordered to pay Bauer's reasonable attorneys' fees, I have reason to doubt that he will comply with any such order in light of his failure to comply with the March 9, 2018 order to produce disclosures required by Rule 26(a).  As I found in my prior opinion, Sands misleadingly identified only himself as a person likely to possess information concerning the licensing history of the allegedly infringed photographs at issue in this case.[11]  His failure to identify Getty Images and Matrix Pictures as entities with relevant information – without any satisfactory

---

8

    *Id.* at 2.

9

    *See* Memorandum Opinion 15 [DI-56].

10

    Bauer did not provide invoices documenting its counsel's other work litigating this matter. Such invoices would have been more helpful to understanding the costs it has incurred than the representation of its counsel that those costs – apparently inclusive of the roughly $40,000 spent litigating the sanctions motion – are "well in excess" of $50,000. Nonetheless, I find that the amount of fees Bauer has incurred is significant in light of the billing rates noted in its papers, *see id.* at 3, along with my assessment of the rough amount of hours an attorney would reasonably expend on this work.  I need not be aware of the precise amount Bauer's counsel has invoiced to conclude that, when viewed in conjunction with the other factors I consider in this opinion, it substantiates the relief ordered herein.

11

    Memorandum Opinion 7-9 [DI-55].

5

excuse for the omission – prejudiced Bauer and caused me to reopen discovery.[12] This violation was neither inadvertent nor insubstantial.[13]

Sands's opposition to the order to show cause does little to assuage these concerns. His October 2, 2019 memorandum in response to that order is copied almost verbatim from his November 30, 2018 memorandum in opposition to Bauer's motion for a bond as security.[14] Thus, some of his central contentions, such as a lengthy section arguing that "Sands has never violated any Court orders,"[15] are incorrect and raise serious questions about his (and his counsel's) interest in litigating this case – a factor that weighs further in favor of conditioning Sands's ability to proceed on his posting of a bond or other sufficient security. Sands provides otherwise no persuasive

---

[12]

     *Id.* at 11-15.

[13]

     As I found, Sands's violation left Bauer,

> post the close of the discovery period[,] facing a motion for partial summary judgment motion as to liability, a previously unmade claim that these photos had been licensed to Getty and Matrix, and still no documentary evidence of any such licenses, let alone any information at all about the economic terms of any such licenses. Now it has before it a need for reopened discovery of plaintiff, Getty, and Matrix – the last of which is based in the United Kingdom and may not be subject to process here – and a waste of some level of effort between the date of the initial conference and the present.

     *Id.* at 14.

[14]

     *Compare* Memorandum of Law in Response to Court's Order to Show Cause as to Why Plaintiff Should Not Be Required to Post a Bond as Security for Costs and Fees Under Local Rule 54.2 [DI-58], *with* Memorandum of Law in Opposition to Defendant's Motion for a Bond as Security for Costs and Fees Under Local Rule 54.2 and for Discovery Sanctions [DI-43].

[15]

     Memorandum of Law in Response to Court's Order to Show Cause as to Why Plaintiff Should Not Be Required to Post a Bond as Security for Costs and Fees Under Local Rule 54.2 at 23 [DI-58]; *id.* at 21-26.

6

argument rebutting my findings that Bauer has incurred and will continue to incur significant costs that may be recoverable under Section 505.[16]

In sum, there is a reasonable possibility that Sands will be required to reimburse Bauer's costs, and Sands's conduct in this litigation – to say nothing of his counsel's conduct[17] – reveals a reasonable possibility that Sands will default on that obligation. Under these circumstances, the Rule 54.2 order contemplated in my previous opinion is warranted.

*Conclusion*

This action shall be dismissed with prejudice unless Sands, on or before October 29, 2019, posts of a bond or other sufficient security in the amount of $50,000 for costs and attorney's fees in this action.

SO ORDERED.

Dated:          October 22, 2019

_____
Lewis A. Kaplan
United States District Judge

---

[16]

I decline Bauer's request to hold that Sands defaulted on the order to show cause by resubmitting old materials.

[17]

Other courts in this district have cited Mr. Liebowitz's repeated failure to comply with court orders and his habit of filing misleading documents as weighing in favor of imposing a bond on his clients. *See, e.g., Rice*, No. 18-CV-9130 (AJN), 2019 WL 2865210, at *1. I reach my holding without considering these factors, as I find that Sands's conduct in this case merits the relief ordered herein. Nonetheless, to the extent Mr. Liebowitz's conduct in other cases is relevant to his client's likelihood of defaulting on a possible obligation to pay attorneys' fees, that conduct would weigh heavily in favor of requiring Sands to post a bond.

# EXHIBIT F

Case 19-4396 Document 16 01/13/2020 2750171 Page 46 of 53

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

STEVE SANDS,

                     Plaintiff,

        -against-                                     17-cv-9215 (LAK)

BAUER MEDIA GROUP USA, LLC,

                     Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/26/2019

## MEMORANDUM AND ORDER

LEWIS A. KAPLAN, *District Judge.*

        This is a copyright infringement suit brought by Steve Sands, a photographer represented by attorney Richard Liebowitz. It is one of now well over 1,000 copyright infringement cases brought by Mr. Liebowitz in this district in the past two or so years. The matter before the Court involves several issues ultimately stemming from the failure of plaintiff and his counsel to comply with discovery obligations.

### *Background*

        Defendant moved to dismiss the action on the ground that Mr. Liebowitz and/or his client had committed discovery abuse or, alternatively, to require a bond as security for costs and fees pursuant to Local Civ. R. 54.2. On September 18, 2019, the Court concluded that the claim of discovery abuse was meritorious, but it declined to dismiss the action. Rather, it required Mr. Liebowitz to pay a reasonable attorney's fee to defendant for making and litigating the sanctions

2

motion and directed plaintiff to show cause, on or before October 2, 2019, why the Court should not condition plaintiff's ability to proceed with this action on the posting of a bond or other sufficient security in the amount of $50,000 for costs and attorney's fees in this action. *Sands v. Bauer Media Grp. USA, LLC*, No. 17-cv-9215 (LAK), 2019 WL 2019 WL 4464672 (S.D.N.Y. Sept. 18, 2019) ("*Sands I*").

   Plaintiff opposed the entry of an order requiring the posting of security for costs and attorney's fees. Dkt. 58. But, on October 22, 2019, the Court issued a decision carefully considering, but rejecting, plaintiff's arguments. Its order stated that "[t]his action shall be dismissed with prejudice unless Sands, on or before October 29, 2019, posts . . . a bond or other sufficient security in the amount of $50,000 for costs and attorney's fees in this action." *Sands v. Bauer Media Grp. USA, LLC*, No. 17-cv-9215 (LAK), 2019 WL 2019 WL 5395602 (S.D.N.Y. Oct. 22, 2019).

   Plaintiff never filed any bond or other security. Instead, plaintiff on October 29, 2019 moved to recuse the undersigned under 28 U.S.C. § 455, arguing that the Court's actions in this case have demonstrated personal bias against his counsel, Mr. Liebowitz, and that this alleged bias against him has resulted in actual bias against plaintiff Sands.

*Discussion*

*Recusal*

   It is more than passingly odd that plaintiff seeks to find support for his claim of personal bias against him and his counsel in the Court's *denial* of his adversary's motion to dismiss this action for Mr. Liebowitz's discovery misconduct and its choice instead of the lesser sanction of imposing the costs of litigating the meritorious sanctions motion on Mr. Liebowitz rather than

plaintiff himself. It is at least equally odd that the basis of the claim of bias is plaintiff's assertion

that the Court on September 18, 2019

> "entered an order in this action in which he condemned Plaintiff's counsel, Richard
> Liebowitz, as a 'copyright troll' and accused him again of filing 'strike suits,
> designed to extort settlements.'" Dkt. 69, at 1.

In fact, the September 18, 2019 ruling did not do either. Rather, it stated:

> "Of course, photographers who create copyrighted images should be fairly
> compensated for their work. Those who infringe by using such images in violation
> of the rights of a copyright holder should be held to account. On the other hand, as
> the Court noted in a prior case, '[t]here may well be justification for [the] implication
> [that a significant portion of the 1,110 cases] . . . [have been] strike suits, designed
> to extort settlements from defendants on the basis that the defense costs would
> exceed what plaintiff would accept in settlement." Indeed, another judge of this
> Court has referred to Mr. Liebowitz as a 'copyright troll' – one who is
>
> > 'more focused on the business of litigation than on selling a product or
> > service or licensing their copyrights to third parties to sell a product or
> > service. A copyright troll plays a numbers game in which it targets hundreds
> > or thousands of defendants seeking quick settlements priced just low enough
> > that it is less expensive for the defendant to pay the troll rather than defend
> > the claim.'
>
> Moreover, Mr. Liebowitz has been sanctioned, reprimanded, and advised to 'clean
> up [his] act' by other judges of this Court. As Judge Furman recently observed,
> 'there is a growing body of law in this District devoted to the question of whether and
> when to impose sanctions on Mr. Liebowitz.' And that is what I am asked to do here
> by defendant's motion to dismiss the action as a sanction for alleged discovery
> misconduct or, alternatively, to strike portions of the evidence that plaintiff has
> submitted in support of a motion for summary judgment or require a bond as security
> for costs and fees pursuant to Local Civ. R. 54.2." *Sands I*, at *1 (footnotes and
> citations omitted).

Thus, rather than condemn Mr. Liebowitz as a "copyright troll," the Court simply

observed that *another judge* of this Court had so characterized him. And rather than accusing Mr.

Liebowitz of filing strike suits to extort settlements, the Court observed that there *might be*

*justification* for such claims, as indeed there might. In fact, as events have developed in this case,

4

there perhaps is even more justification.

In his zeal to deny that he files suits to extort settlements, Mr. Liebowitz in this very case – in filing the very motion for recusal underlying this order – stated under penalty of perjury that "[p]laintiff did not make a settlement demand in this action." Dkt. 70, ¶ 3. Plaintiff stated similarly in his memorandum that he "never made a settlement demand in this proceeding; he only ever sought judgment on the merits against Bauer Media." Dkt. 69, at 9 n.1.

These statements are false. As both the Court and defendant's counsel have pointed out, Mr. Liebowitz's associate made a $25,000 settlement demand at the initial conference in this case, a conference that Mr. Liebowitz did not attend. Even more glaring is an email defendant's counsel has produced, received by it from Mr. Liebowitz at the outset of the case, in which Mr. Liebowitz himself proposed settling for $25,000. Dkt. 71, at 2. Mr. Liebowitz has not disputed the authenticity or his authorship of the email or argued that the associate lacked the authority to make this demand. He seeks to pass off his untrue statements by saying that he "overlooked" these $25,000 settlement demands. Dkt. 75, ¶ 4. He then implies that the notion that "early resolution is generally promoted by federal courts" is an excuse for making false statements under penalty of perjury. *Id.* With respect, Mr. Liebowitz's assertion that he "overlooked" multiple settlement demands is unpersuasive.[1]

---

[1] Nor is this the only occasion on which Mr. Liebowitz has made an untrue statement to a judge of this Court. In *Burgina v. Imagina Consulting, Inc.,* 18-cv-8956 (CS), Liebowitz sought to explain his failure to appear on April 12, 2019 at a court conference by telling Judge Seibel – in a letter written almost three weeks after his failure to appear and in response to an order requiring documentary proof of the reason for his absence – that his grandfather had died on the day of the conference and that Liebowitz was obliged to assist his family in certain religious customs in connection with the death. *Id.*, minute entry Apr., 18, 2019, and Dkt. 36. When pressed for documentary proof, Mr. Liebowitz voluntarily dismissed his client's action. *Id.*, Dkt. 43. Judge Seibel reiterated her demand for

As the Supreme Court held in *Liteky v. United States*, 510 U.S. 540, 555 (1994):

> "opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible. Thus, judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge. They *may* do so if they reveal an opinion that derives from an extrajudicial source; and they *will* do so if they reveal such a high degree of favoritism or antagonism as to make fair judgment impossible." (emphasis in original)

Nothing in this record supports any claim of favoritism or antagonism, let alone favoritism or antagonism to a degree making fair judgment impossible. For example, in the same opinion that plaintiff claims evidences this Court's bias, this Court observed:

> "Of course, photographers who create copyrighted images should be fairly compensated for their work. Those who infringe by using such images in violation of the rights of a copyright holder should be held to account." *Sands I,* at *1.

Moreover, at the conclusion of that opinion, the Court declined to dismiss the case on the basis of

---

documentary proof. *Id.*, Dkt. 45. Instead of producing documentary proof, Mr. Liebowitz filed a declaration attesting under penalty of perjury that his prior explanation had been correct. *Id.*, Dkt. 46, ¶ 6. Judge Seibel was not satisfied and, on July 26, 2019, directed Mr. Liebowitz to provide a death certificate for his late grandfather, whom he claimed had died on April 12, 2019. *Id.*, Dkt. 49. Again Mr. Liebowitz persisted in his refusal, arguing that the death certificate was "a personal matter." *Id.*, Dkt. 52, ¶ 12. This resulted in Mr. Liebowitz being held in civil contempt. *Id.*, Dkt. 53, 60. In due course, he was ordered to appear and show cause why he should not be incarcerated until he complied with the Court's orders. *Id.*, Dkt. 60. In the end, facing the prospect of jail, Mr. Liebowitz produced the death certificate, which showed that his grandfather had died *three days before* the April 12, 2019 conference. He admitted also that the deceased grandfather had been interred on the day of his death. As Judge Seibel found, Mr. Liebowitz's repeated statements, some made or reiterated several times under penalty of perjury, that he missed April 12, 2019 conference because his grandfather had died that day all were false. And it seems perfectly obvious that Mr. Liebowitz's months of resistance to providing documentary proof to corroborate his claim that the grandfather died on April 12, 2019, and perhaps the decision to voluntarily dismiss his client's lawsuit, were designed to avoid discovery of the fact that he had made a false statement to Judge Seibel in the first place.

6

discovery misconduct although defendant had moved for such relief. For these and other reasons, the recusal motion is baseless.

*Failure to Post Security for Costs and Attorney's Fees*

In view of the fact that plaintiff has not posted security for costs and attorney's fees as required by the October 22, 2019 order, this action is dismissed.

*Attorney's Fees as Discovery Sanctions*

Mr. Liebowitz has sought an opportunity to make a further filing with respect to the amount of attorney's fees that should be awarded as a discovery sanction. The Court sees no reason not to allow that.

*Conclusion*

For the foregoing reasons, plaintiff's recusal motion (Dkt. 68) is denied in all respects. The action is dismissed with prejudice for plaintiff's failure to post security as required by the October 22, 2019 order. Plaintiff's motion for permission to file a further memorandum concerning the amount of attorney's fees to be awarded (Dkt. 77) is granted to the extent that he may file such a memorandum provided it is filed on or before December 6, 2019 and does not exceed 10 double spaced pages.

SO ORDERED.

Dated:          November 26, 2019

Lewis A. Kaplan
United States District Judge

# EXHIBIT G

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

STEVE SANDS,

                                    Plaintiff,


                    -against-                                    17-cv-9215 (LAK)


BAUER MEDIA GROUP USA, LLC,

                                    Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**USDC SDNY**
**DOCUMENT**
**ELECTRONICALLY FILED**
**DOC #:** _____
**DATE FILED:** 12/17/2019


## MEMORANDUM AND ORDER

LEWIS A. KAPLAN, *District Judge.*

          On September 18, 2019, the Court ordered Mr. Richard Liebowitz, counsel for plaintiff, to pay defendant's reasonable attorneys' fees for making and litigating its motion for sanctions [DI-56]. Defense counsel submitted its timesheets along with several declarations in support of its fee petition [DI-65, 80]. These documents asserted that defense counsel billed 116.8 hours at a blended rate of $326.11 per hour – a total of $38,090 – in connection with the sanctions motion. Plaintiff argues that defense counsel's hours are excessive and that Mr. Liebowitz should be required to pay no more than $5,625, or 15 hours at $375 per hour [DI-79].[1]

          The Court has carefully considered the parties' submissions, in particular defense counsel's timesheets. It finds that defense counsel's hours are unreasonably high relative to the amount of work one would be expected to perform in prosecuting the sanctions motion. The Court finds it proper to reduce defense counsel's hours by 25%, from 116.8 to 87.6. At the rate of $326.11 per hour, this comes to $28,567.50. Mr. Liebowitz is ordered to pay this amount to defense counsel.

          SO ORDERED.

Dated:          December 17, 2019

                                            _____
                                                    Lewis A. Kaplan
                                            United States District Judge

---

[1]    It is unclear why he argues for a higher rate than defense counsel in fact billed.